UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NimbeLink Corp., | Case No. 22-cv-2345 (NEB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Digi International Inc., | |
| Defendant. | |

This matter is before the Court on the parties' Joint Motions for Continued Sealing (ECF Nos. 94, 95, 149, 215, 216, 217). The parties agree on the continued sealing or unsealing of each document addressed by the motions filed at ECF Nos. 94, 95, 149 and 215 ("Agreed Joint Motions"). The Court grants the Agreed Joint Motions.

The parties have set forth certain disagreements in the Joint Motion for Continued Sealing at ECF No. 216 (the "216 Motion"), which addresses documents filed under temporary seal in connection with Digi International Inc.'s ("Digi") Motion to Compel (ECF No. 190). The Court grants the 216 Motion as to those documents for which the parties agree on continued sealing or unsealing. The remaining, disputed documents in the 216 Motion are ECF Nos. 192, 195, 195-1, 195-2, 195-3, 195-4, 195-5, 195-10 and 195-11.

The parties completely disagree in their Joint Motion for Continued Sealing at ECF No. 217 (the "217 Motion"), which addresses documents filed under temporary seal in connection with Digi's Motion for Leave to File an Amended Answer and Counterclaims (ECF No. 157). The documents in dispute in the 217 Motion are ECF Nos. 159, 161, 161-1, 161-2, 161-3, 161-4, 161-5, 161-6, 161-7, 174, 177 and 179.

1

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Group, Inc.*, 534 F. Supp. 3d 1038, 1045 (D. Minn. 2021); *see also* Local Rule 5.6, 2017 Advisory Committee Note ("[T]he public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access."). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings[.]" *IDT Corp.*, 709 F.3d at 1222 (quotation and citation omitted). It also provides a measure of accountability to the public at large, which pays for the courts. *Id.* (citation omitted).

However, this presumption of the "right to inspect and copy judicial records is not absolute." *Id.* at 1222 (quoting *Nixon v. Warner*, 435 U.S. 589, 597–98 (1978)). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224. When the documents at issue played a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue did not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a

2

countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

## I. The 216 Motion

Since the undersigned heard and resolved the Motion to Compel—a non-dispositive discovery motion that did not involve the exercise of Article III judicial power—there is merely a prediction of public access to the documents at issue in the 216 Motion absent a countervailing reason. *See id.* (quoting *Amodeo*, 71 F.3d at 1049). For each of the documents in question, NimbeLink Corp. ("NimbeLink") argues for continued sealing and Digi argues for unsealing. (*See* ECF No. 216.) NimbeLink argues that, even though it has waived privilege with respect to certain documents, its privilege waiver does not necessarily destroy any document's confidentiality. NimbeLink cites *Peterson v. Washington Cnty.*, 18-cv-2640 (DWF/ECW), 2021 WL 2292275, at *1 (D. Minn. June 4, 2021), to support its position. In that case, the plaintiff waived any applicable privilege over his health information, but the court held Fed. R. Civ. P. 26(c) nevertheless permitted the sealing of certain documents to protect the plaintiff "from annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). Nimbelink contends that, in addition to attorney-client communications, each of the disputed filings contains information that is "highly confidential" and includes "competitively sensitive business planning information." (ECF No. 216.)

Digi responds that *Peterson* is inapposite because it dealt with medical information as opposed to confidential business information. (*See id.*) Unlike the documents at issue in *Peterson*, the documents at issue here raise no specter of annoyance, embarrassment, oppression, or undue burden for NimbeLink. Digi further contends none of the documents at issue contain "confidential or competitively sensitive information (such as contractual terms, pricing information, business

3

planning, or other competitively sensitive information)." Digi argues continued sealing is unwarranted for these reasons. (*See id.*)

Since NimbeLink disclosed the communications at issue to Digi in connection with its privilege waiver, NimbeLink has forfeited the confidentiality of those communications to the extent such confidentiality is predicated solely on the formerly privileged nature of the communications. But the Court agrees that a waiver of privilege does not necessarily waive a party's claim to confidentiality over its attorney-client communications if the waiving party continues to protect their confidentiality.

Based on the record before the Court, it appears NimbeLink has continued to regard and treat these documents as confidential. So, the question before the Court is whether NimbeLink has offered a countervailing reason to keep the documents sealed that is sufficient to outweigh the weak "prediction of public access" applicable to the 216 Motion. *IDT Corp.*, 709 F.3d at 1224. The Court finds that, with respect to most of these documents, it has.

Though NimbeLink is not faced with the same threat of personal embarrassment as the Plaintiff in *Peterson* was, it claims the documents at issue contain confidential or sensitive business information or communications. Such communications or information "include formulae, proprietary technical data, customer lists, or financial information," *Willis Elec. Co. v. Polygroup Ltd. (Macao Com. Offshore)*, No. 15-cv-3443 (WMW/KMM), 2019 WL 2574979, at *2 (D. Minn. June 24, 2019), "private financial and strategic information," *see Hoffmann Bros. Heating & Air Conditioning, Inc. v. Hoffmann Air Conditioning & Heating, LLC*, No. 4:19-cv-200 (SEP), 2022 WL 1718882, at *5 (E.D. Mo. May 27, 2022), and documents containing trade secrets or other proprietary information. *Am. Achievement Corp. v. Jostens, Inc.*, No. 21-cv-2613 (NEB/DJF),

4

2023 WL 3815697, at *2 (D. Minn. June 5, 2023).  But, "[t]he fact that a communication may be unflattering does not warrant [its] sealing." *Willis Elec. Co.*, 2019 WL 2574979, at *2.

The Court has reviewed the documents (or subparts of documents) that NimbeLink seeks to keep sealed.  Based on its review, the Court is persuaded that unsealing most of them would raise at least moderate concerns about the disclosure of confidential business strategy communications that are sufficient to outweigh the weak presumption of public access applicable to documents supporting the 216 Motion, as to which the District Judge, the Honorable Nancy E. Brasel, has not issued a decision.  The Court thus permits the continued sealing of ECF Nos. 192, 195, 195-1, 195-3, 195-4, 195-5, 195-10 and 195-11.  In contrast, ECF No. 195-2 is a scheduling email that appears to contain little, if any, business strategy information.  The Court therefore orders ECF No. 195-2 to be unsealed.

**II.     The 217 Motion**

With respect to each of the documents disputed in the 217 Motion, NimbeLink seeks continued sealing and Digi seeks unsealing (*see* ECF No. 217).  The Court assigns greater weight to the public's potential interest in the documents at issue in the 217 Motion because Judge Brasel issued a decision granting the underlying motion, Digi's Motion to Amend (*see* ECF No. 209). *C.f. Lusk v. Akradi*, 15-cv-1911 (JRT/BRT), 2018 WL 1634408, at *2 n.2 (D. Minn. Apr. 5, 2018) (finding the public interest in sealed documents related to a motion to amend would be greater "if the Proposed Amended Complaint had been allowed").  So while the parties' arguments in connection with the 217 Motion are similar to the arguments they advanced in connection with the 216 Motion (*compare* ECF No. 216, *with* ECF No. 217), the Court's analysis differs in view of the public's potentially weightier right to access to these documents.  *See Lusk*, 2018 WL 1634408, at *2 n.2.  In evaluating how much weight to give to the public's entitlement to access these

5

documents, the Court considers not only the nature of the underlying motion, but also the role each document (or part of a document) appears to have played in Judge Brasel's analysis. *See Flynt*, 885 F.3d at 511.

In this instance, Judge Brasel ruled from the bench on Digi's Motion to Amend, having never reached the merits of the proposed amendment because NimbeLink did not oppose the motion on futility grounds. (*See* Transcript, ECF No. 232 at 44.) During the hearing on that motion, the parties discussed some of the potentially confidential information included in the communications at issue in open court. (*See* ECF No. 232 at 17-18.) Though the Transcript is presently restricted, it will become accessible to the public on May 21, 2024 (*see* ECF No. 232). And though both parties had an opportunity to seek redactions to the transcript before it becomes public, neither party exercised its right to do so (*see* ECF Nos. 232, 237, 238). The Court can discern no rational basis to continue sealing information that NimbeLink has itself allowed to become public in this fashion.

Taking these factors into consideration, along with the public's greater right of access to the core documents Judge Brasel likely considered in connection with Digi's Motion to Amend, the Court orders the following documents to be unsealed: ECF Nos. 159, 161, 161-1, 161-2, 174 and 179. The Court will permit the continued sealing of ECF Nos. 161-3, 161-4, 161-5, 161-6, 161-7 and 177.

## CONCLUSION

The Court grants the parties' joint motion with respect to those documents for which they agree and resolves the parties' disagreements as set forth herein. Finally, the Court puts the parties on notice that the continued sealing of any document is subject to change depending on its importance in later rulings in this case. Thus, the documents the Court continues to seal under this

order may be subject to unsealing in the future if, for example, they become an important part of Judge Brasel's decision on a dispositive motion.  *See Flynt*, 885 F.3d at 511.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the Agreed Joint Motions (ECF Nos. 94, 95, 149 and 215) are **GRANTED**, and the 216 Motion (ECF No. 216) and 217 Motion (ECF No. 217) are **GRANTED IN PART** and **DENIED IN PART** as follows:

I. The Clerk of the Court is directed to **UNSEAL** the following documents 28 days after the date of this Order, unless a timely motion for further consideration is filed pursuant to Local Rule 5.6(d)(3):

- ECF No. 98
- ECF No. 159
- ECF No. 161
- ECF No. 161-1
- ECF No. 161-2
- ECF No. 174
- ECF No. 179
- ECF No. 186-7
- ECF No. 195-2
- ECF No. 204-7;

II. The Clerk of the Court is directed to keep the following documents **UNDER SEAL:**

- ECF No. 65
- ECF No. 68-1
- ECF No. 72
- ECF No. 83
- ECF No. 90
- ECF No. 126
- ECF No. 129-1
- ECF No. 129-2
- ECF No. 129-3
- ECF No. 129-4

- ECF No. 161-3
- ECF No. 161-4
- ECF No. 161-5
- ECF No. 161-6
- ECF No. 161-7
- ECF No. 177
- ECF No. 183
- ECF No. 186
- ECF No. 186-1
- ECF No. 186-2
- ECF No. 186-3
- ECF No. 186-4
- ECF No. 186-5
- ECF No. 186-6
- ECF No. 186-8
- ECF No. 186-9
- ECF No. 192
- ECF No. 195
- ECF No. 195-1
- ECF No. 195-3
- ECF No. 195-4
- ECF No. 195-5
- ECF No. 195-6
- ECF No. 195-7
- ECF No. 195-8
- ECF No. 195-9
- ECF No. 195-10
- ECF No. 195-11
- ECF No. 201
- ECF No. 204
- ECF No. 204-1
- ECF No. 204-2
- ECF No. 204-3
- ECF No. 204-4
- ECF No. 204-5
- ECF No. 204-6; and

III.  The parties must file versions of the following documents with the proposed redactions identified in the relevant Joint Motion for Continued Sealing **within 28 days**, failing which the Court will order the Clerk of the Court to unseal these documents:

- ECF No. 68
- ECF No. 68-2
- ECF No. 75
- ECF No. 86.

Dated: April 12, 2024                              *s/ Dulce J. Foster*
                                                   Dulce J. Foster
                                                   United States Magistrate Judge

9