UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NimbeLink Corp., | Case No. 22-cv-2345 (NEB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Digi International Inc., | |
| Defendant. | |

This matter is before the Court on the parties' Joint Motions Regarding Continued Sealing (ECF Nos. 249, 281). The motion filed at ECF No. 249 (the "249 Motion") addresses documents filed in connection with NimbeLink Corp.'s ("NimbeLink") Motion to Dismiss Defendant's Amended Inequitable Conduct Counterclaims (ECF No. 220) ("Inequitable Misconduct Motion"). In the 249 Motion, the parties disagree as to whether the following exhibits should continue to be sealed: ECF Nos. 222, 225, 225-2, 225-3, 225-4, 225-5, 235, and 246. They agree, however, that ECF No. 225-1 should remain sealed, and that the following documents should be unsealed: ECF Nos. 226, 226-1, 226-2, 226-3. The motion filed at ECF No. 281 (the "281 Motion") addresses documents filed in connection with NimbeLink's Motion to Dismiss Digi's Inequitable Conduct Counterclaims Pursuant to the Court's Discretionary Declaratory Judgment Jurisdiction (ECF No. 262) ("Discretionary Jurisdiction Motion"). In the 281 Motion, the parties agree that the following documents should be unsealed: ECF Nos. 269 and 274.

The Honorable Judge Nancy E. Brasel conducted a hearing on the motions to dismiss on July 15, 2024. (ECF No. 278.) During the hearing she ruled from the bench, granting the Discretionary Jurisdiction Motion and denying the Inequitable Misconduct Motion as moot. (*Id.*)

1

I. **Legal Standard**

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "[A]ll documents properly filed by a litigant seeking a judicial decision are judicial records and entitled to a presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Group, Inc.*, 534 F. Supp. 3d 1038, 1045 (D. Minn. 2021); *see also* Local Rule 5.6, 2017 Advisory Committee Note ("[T]he public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access."). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings …." *IDT Corp.*, 709 F.3d at 1222 (quotation and citation omitted). It also provides a measure of accountability to the public at large, which pays for the courts. *Id.* (citation omitted).

However, the "right to inspect and copy judicial records is not absolute." *Id.* at 1222 (quoting *Nixon v. Warner*, 435 U.S. 589, 597–98 (1978)). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224. When the documents at issue played a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue did not play a material role in the exercise of Article III

power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

**II.   Analysis**

  **A.   The 249 Motion**

Because Judge Brasel denied the Inequitable Conduct Motion without prejudice as moot, the documents at issue in the 249 Motion did not play a material role in her decision. The applicable standard thus requires the Court to continue sealing those documents if a party offers a countervailing reason to keep them sealed. *Id.*

The parties here agree that ECF Nos. 226, 226-1, 226-2, and 226-3 should be unsealed since they are already publicly available (ECF No. 249 at 8–9). The Court thus finds no compelling reason for continued sealing and orders these documents unsealed. The parties further agree that ECF No. 225-1 should remain under seal because it is an excerpt from a deposition transcript that was designated as confidential by a non-party (*id.* at 8). The Court has reviewed this document and finds there is a compelling reason for continued sealing given the information it contains and the non-party privacy interests involved. The Court thus orders that this document may remain under seal.

As to the remaining documents at issue in the 249 Motion—ECF Nos. 222, 225, 225-2, 225-3, 225-4, 225-5, 235, and 246—Nimbelink seeks continued sealing, but Digi argues the documents should be unsealed. The Court has already addressed the parties' dispute over whether Nimbelink's decision to waive privilege necessarily means that its formerly privileged documents should be unsealed. The Court held that a waiver of privilege does not equate to a waiver of confidentiality. (*See* ECF No. 250 at 2–4.) Nimbelink appears to have kept the documents in

question confidential, so the Court finds its privilege waiver does not necessarily dictate that the documents should be unsealed.

The parties also dispute whether these documents contain confidential or sensitive business information. Such communications or information "include formulae, proprietary technical data, customer lists, or financial information," *Willis Elec. Co. v. Polygroup Ltd. (Macao Com. Offshore)*, No. 15-cv-3443 (WMW/KMM), 2019 WL 2574979, at *2 (D. Minn. June 24, 2019), "private financial and strategic information," *see Hoffmann Bros. Heating & Air Conditioning, Inc. v. Hoffmann Air Conditioning & Heating, LLC*, No. 4:19-cv-200 (SEP), 2022 WL 1718882, at *5 (E.D. Mo. May 27, 2022), and documents containing trade secrets or other proprietary information, *Am. Achievement Corp. v. Jostens, Inc.*, No. 21-cv-2613 (NEB/DJF), 2023 WL 3815697, at *2 (D. Minn. June 5, 2023). But "[t]he fact that a communication may be unflattering does not warrant [its] sealing." *Willis Elec. Co.*, 2019 WL 2574979, at *2.

The Court has reviewed the documents and subparts of documents that NimbeLink seeks to keep sealed. Based on its review, the Court is persuaded that Nimbelink's concerns about the disclosure of confidential business strategy communications constitutes a sufficient countervailing reason for continuing to seal these documents—ECF Nos. 222, 225, 225-2, 225-3, 225-4, 225-5, 235, and 246—in light of Judge Brasel's ruling on the underlying motion. The Court therefore orders that these documents may remain under seal.

### B. The 281 Motion

The parties agree that both documents at issue in the 281 Motion—ECF Nos. 269 and 274—do not require continued sealing. The Court accordingly orders them to be unsealed.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the first Joint Motion Regarding Continued Sealing (ECF No. [249]) is **GRANTED IN PART AND DENIED IN PART**, and the second Joint Motion Regarding Continued Sealing (ECF No. [281]) is **GRANTED** as follows:

1. The Clerk of the Court is directed to **UNSEAL** the following documents 28 days after the date of this Order, unless a timely motion for further consideration is filed pursuant to Local Rule 5.6(d)(3): ECF No. 226, ECF No. 226-1, ECF No. 226-2, ECF No. 226-3, ECF No. 269 and ECF No. 274.

2. The Clerk of the Court is directed to keep the following documents **UNDER SEAL**: ECF No. 222, ECF No. 225, ECF No. 225-1, ECF No. 225-2, ECF No. 225-3, ECF No. 225-4, ECF No. 225-5, ECF No. 235 and ECF No. 246.

Dated: September 6, 2024

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge